UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>EVAN NEUMANN,<br><br>    Defendant. | Criminal Action No. 21-727 (CKK) |

**MEMORANDUM OPINION & ORDER**
(January 27, 2025)

**I.**

A grand jury indicted Defendant Evan Neumann on fourteen felony and misdemeanor charges for his alleged conduct during the riot at the United States Capitol on January 6, 2021:

- Count One: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

- Count Two: Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1);

- Count Three: Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1);

- Count Four: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

- Count Five: Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1);

- Count Six: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

- Count Seven: Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1);

- Count Eight: Influencing Federal Official by Threat, in violation of 18 U.S.C. § 115(a)(1)(B);

- Count Nine: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1);

- Count Ten: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2);

1

- Count Eleven: Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4);

- Count Twelve: Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D);

- Count Thirteen: Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(f); and

- Count Fourteen: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

*See* Indictment, ECF No. 7.  The Indictment alleges that Neumann made physical contact with Officers J.C., J.M., and R.L. of the D.C. Metropolitan Police Department and Officer S.L. of the United States Capitol Police.  *Id.* at 2–4.

Warrants for Neumann's arrest were issued in March 2021 and December 2021.  *See* Order, ECF No. 10.  But Neumann was never arrested, this matter was returned to the Calendar Committee, and Neumann was declared a fugitive.  *See* Reassignment Order, ECF No. 11.

**II.**

On January 21, 2025, the Government moved to dismiss the Indictment with prejudice under Federal Rule of Criminal Procedure 48(a).  Gov't's Mot. to Dismiss, ECF No. 14.  As the "reason for this dismissal," the Government cites an as-yet unnumbered presidential Proclamation titled "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021."  *Id.*  That Proclamation, in relevant part, "direct[s] the Attorney General to pursue dismissal with prejudice to the Government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021."  Unnumbered Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S.

By its terms, Rule 48(a) allows the Government, "with leave of court," to "dismiss an indictment, information, or complaint."  Fed. R. Crim. P. 48(a).  The Court must therefore consider

2

whether to grant its leave to dismiss this case. *See United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (noting that the "requirement of judicial leave" in Rule 48 "gives the court a role in dismissals following indictment," even when "the defendant concurs in this dismissal"); *United States v. Flynn*, 507 F. Supp. 3d 116, 126–31 (D.D.C. 2020) (EGS) (analyzing the scope of a trial court's discretion under Rule 48(a)); *see also Rinaldi*, 434 U.S. at 30 n.15 (noting that Rule 48 "obviously vest[s] some discretion in the court" without deciding whether that discretion extends to cases in which the defendant consents to dismissal). To inform this analysis, the Court may "require a statement of reasons and underlying factual basis" for the Government's motion to dismiss. *See Ammidown*, 497 F.2d at 620.

Here, the Government's only stated reason for pursuing dismissal with prejudice is that the President has ordered the Attorney General to do so. *See* Gov't's Mot. (citing Unnumbered Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S). On the record before it, the Court does not discern any defect in the legal merits of, or factual basis for, the Government's case that would require dismissal. But recognizing that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case," the Court shall not require a further explanation here. *See United States v. Nixon*, 418 U.S. 683, 693 (1974).

### III.

Dismissals of charges, pardons after convictions, and commutations of sentences will not change the truth of what happened on January 6, 2021. What occurred that day is preserved for the future through thousands of contemporaneous videos, transcripts of trials, jury verdicts, and judicial opinions analyzing and recounting the evidence through a neutral lens. Those records are immutable and represent the truth, no matter how the events of January 6 are described by those charged or their allies.

What role law enforcement played that day and the heroism of each officer who responded also cannot be altered or ignored. Present that day were police officers from the U.S. Capitol Police and those who came to their aid when called: the D.C. Metropolitan Police Department, Montgomery County Police Department, Prince George's County Police Department, Arlington County Police Department, and Fairfax County Police Department. Grossly outnumbered, those law enforcement officers acted valiantly to protect the Members of Congress, their staff, the Vice President and his family, the integrity of the Capitol grounds, and the Capitol Building—our symbol of liberty and a symbol of democracy around the world. For hours, those officers were aggressively confronted and violently assaulted. More than 140 officers were injured. Others tragically passed away as a result of the events of that day. But law enforcement did not falter. Standing with bear spray streaming down their faces, those officers carried out their duty to protect.

All of what I have described has been recorded for posterity, ensuring that what transpired on January 6, 2021 can be judged accurately in the future.

* * *

In light of the foregoing, it is hereby **ORDERED** that:

- The Government's [14] Motion to Dismiss is **GRANTED**; and
- The [7] Indictment is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Criminal Procedure 48(a).

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: January 27, 2025

*[Signature: Colleen Kollar-Kotelly]*

COLLEEN KOLLAR-KOTELLY
United States District Judge